UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEVY DICKERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-2516** |
| **BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Levy Dickerson's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is **DENIED WITH PREJUDICE**.

The Court has considered the petition, the record, the applicable law, the report and recommendation of the United States magistrate judge, and the objections to the magistrate judge's report and recommendation. The objections to the magistrate judge's report and recommendation are **OVERRULED**, and the court adopts the report and recommendation of the magistrate judge for the following reasons.

### I. BACKGROUND

Levy Dickerson is a prisoner incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. On December 11, 1998, a jury convicted him of second degree murder, and he was

sentenced to life imprisonment.  The Louisiana Fifth Circuit Court of Appeal affirmed the conviction, and the Supreme Court of Louisiana denied his application for writ of certiorari and prohibition.[1]

After exhausting state remedies for postconviction relief, Dickerson filed a federal application for habeas corpus relief, pursuant to 28 U.S.C. § 2254, asserting the following claims:  1) his right to due process and a fair trial was violated by the admission of prejudicial evidence, prejudicial remarks by the prosecutor, subjecting him to double jeopardy, and withholding witness statements in violation of Brady v. Maryland, 83 S.Ct. 1194 (1963); 2) he was denied effective assistance of counsel; and 3) he was indicted by an unconstitutionally appointed grand jury.  The magistrate judge recommended that the § 2254 petition be dismissed with prejudice.  Represented by counsel, Dickerson filed objections to the magistrate judge's report and recommendation.

## II. DISCUSSION

Section 104(3) of the AEDPA, codified at 28 U.S.C. § 2254(d), provides the standards collateral federal review of state court convictions as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[1]  The facts are summarized in the magistrate judge's report and recommendation and may also be found in State v. Dickerson, 760 So.2d 503 (La. Ct. App. 2000).

established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see Carter v. Johnson, 110 F.3d 1098, 1103 (5th Cir. 1997).  The first subsection provides distinct standards of review for questions of law and mixed questions of law and fact.  Pure questions of law are reviewed under the "contrary to" standard; mixed questions of law and facts are reviewed under the "unreasonable application" standard.  Carter, 110 F.3d at 1103.  The second subsection provides the standard of review for questions of fact.  Id.

In order "to be entitled to habeas relief based on a constitutional trial error, [Dickerson] must demonstrate not only that the state court's decision was contrary to or an unreasonable application of clearly established federal law, but also that it was harmful under the standard set forth in Brecht v. Abrahamson, 113 S.Ct. 1710 (1993)".  Cotton v. Cockrell, 343 F.3d 746, 752 (5th Cir. 2003).  "Under Brecht, a federal court may grant habeas relief on account of constitutional error only if it determines that the constitutional error had a substantial and injurious effect or influence in determining the jury's verdict."  Id. (internal quotation and citation omitted).

**A.  Double jeopardy**

Dickerson alleged in his petition that he was subjected to double jeopardy when the trial court granted his codefendants a mistrial and, subsequently, denied his motion to quash the indictment and re-tried him.  The trial court found that a mistrial was in the defendant's best interest and, if the trial had continued as to Dickerson alone, Dickerson would have been

prejudiced in the minds of the jurors.  See Dickerson, 760 So.2d 503.

The magistrate judge determined that the state court correctly found that Dickerson's double jeopardy rights were not violated because counsel acquiesced in the codefendants' request for a mistrial by remaining silent.  See United States v. Palmer, 122 F.3d 215, 218 (5th Cir. 1997) (If a defendant does not timely object to a mistrial, the defendant is held to have impliedly consented and may be retried).  Further, double jeopardy was not implicated because a mistrial was necessary to ensure that Dickerson was not prejudiced by proceeding as the sole defendant and that he receive a fair trial.  See Gori v. United States, 81 S.Ct. 1523, 1526 (1961) ("Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment.")

In his objections, Dickerson focuses his argument on whether he consented to the mistrial and expresses disagreement with precedent indicating that silence is implied consent.  Dickerson also argues in a conclusory manner that "continuing the trial may not have prejudiced [him], and the need to declare a mistrial may not have risen to the level of 'manifest error.'"

Dickerson has not established that the decision of the state court  was contrary to, or involved an unreasonable application of, clearly established federal law, and the objection to the magistrate judge's report is overruled.

**B.  Brady[2] claim**

---

[2]   Brady v. Maryland, 83 S.Ct. 1194 (1963).

Dickerson alleges in his petition that the State withheld witness statements of three women who were in contact with him before the crime was committed, Misty Bearden, Terri Crisler, and Natasha Murib, in violation of <u>Brady</u>.  Under the AEDPA, the court does not decide whether Dickerson has proven a <u>Brady</u> violation, but "whether the state court's <u>Brady</u> determination resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law."  <u>Dickson v. Quarterman</u>, 462 F.3d 470, 477-78 (5th Cir. 2006).

The state trial court denied the <u>Brady</u> claim, stating as follows:

> Upon review of the record, the defendant has not demonstrated that these alleged inconsistent statements were material and/or favorable to the defense at the time of trial.  Further, defendant has not shown how these alleged inconsistencies caused him to receive an unfair trial.

State R. Vol. 5.  The Louisiana Fifth Circuit Court of Appeal concluded that Dickerson had made no showing that the prosecutor withheld exculpatory and impeachment evidence, stating:

> Relator claims that the prosecutor withheld exculpatory material regarding witnesses' statements that contained exculpatory and impeachment evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, (1963 and <u>Giglio v. United States</u>, 405 S.Ct. 150, 92 S.Ct. 763 (1972).  Relator also claims that the State failed to disclose the existence of an agreement with the State's witness for immunity in exchange for testimony.  However, we find relator has made no showing that the prosecutor withheld such material.

The magistrate judge determined that the "bald speculation" that the prosecutor "apparently" withheld the statements is inadequate, and Dickerson failed to bring forth any evidence that statements were withheld.

In his objection to the magistrate judge's report and recommendation, Dickerson

5

contends that Brady material was discovered in the prosecutor's case file pursuant to a public records request by his present counsel. However, Dickerson does not address whether the case file containing the statements was available to him prior to trial nor does he challenge the Louisiana Fifth Circuit Court of Appeal's statement that he had never made a showing that the statements were withheld.

Dickerson argues that the statements of Crisler and Bearden would have called into question the credibility of Murib's testimony that Bearden gave the key to Dickerson. Murib told the police that Dickerson wanted to get back at Johnson and that he had a key to Johnson's house that Bearden had given to his girlfriend, Inez Rome. Crisler told the police that no one mentioned going to Jefferson Parish to hurt Johnson. Bearden told police that she had lost the key.

In both her statement and at trial, Murib consistently expressed a belief that Dickerson had obtained a key from Bearden and that Rome was involved. Crisler and Bearden could have testified only that they did not hear any conversation about harming Johnson, not that the conversation did not occur. Even if Bearden had testified that she lost the key, the testimony would not have served to impeach Murib because she testified only as to her understanding of how Dickerson obtained the key based on information from Dickerson and Rome. Moreover, there is no reasonable probability that the evidence would have produced a different verdict because Dickerson had the key to Johnson's apartment. The Louisiana Fifth Circuit Court of Appeal found that the key to Johnson's apartment was found on the seat of the vehicle in which Dickerson was transported to the detective bureau of the sheriff's office and that there was

testimony at trial that Dickerson displayed a key to Johnson's apartment earlier that night.

Accordingly, Dickerson has not demonstrated that the state court's Brady determination, *i.e.* that there was no showing that the statements are material, resulted in a decision that is contrary to or an unreasonable application of federal law.  The objection to the magistrate judge's report and recommendation is overruled.

## C.  Procedural bar

Dickerson alleges in his petition that he was denied due process and a fair trial by 1) the admission of prejudicial evidence of a prior bad act and photographs of the victim and the crime scene,  and 2) remarks made by the prosecutor during the opening and closing statements.  The State asserted that the claims are procedurally barred.

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.  Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001).

The trial judge in Dickerson's state postconviction proceeding, the last reasoned state court decision addressing the claims, rejected the due process claims because the claims "were known to the defendant at the time of trial and at the time of appeal, thus failure to raise them on appeal deems them waived."

The magistrate judge determined that the claims are procedurally barred because the state court denial was based on La. Code Cr. Pro. art. 930.4(C),[3] which is an adequate state ground to support the application of the procedural bar. The magistrate judge further stated that Dickerson had not demonstrated cause for the procedural default or that a failure to address the claim would result in a fundamental miscarriage of justice because Dickerson did not make a showing of actual innocence of the charge.

**1.  Admission of evidence of prior bad acts and inflammatory pictures of the crime scene.**

Dickerson contends that ineffective assistance of his counsel "was the 'cause' for him to be prejudiced by the admission of prejudicial Rule 404(b) evidence regarding his prior altercation with Johnson." Dickerson argues that counsel failed to file motions *in limine* to exclude the evidence and to appeal the adverse rulings.

To support his claim of ineffective assistance of counsel to establish the "cause" prong for procedural default, Dickerson must prove two components: 1) that his counsel made errors that were so serious that they deprived him of his Sixth Amendment guarantee and 2) that the deficient performance prejudiced his defense. Strickland v. Washington, 104 S.Ct. 2052 (1984).

The State gave notice that it intended to introduce evidence of the prior altercation as Dickerson's motive for killing the victim. At a hearing, the State explained that the evidence did not indicate that Dickerson had committed a bad act because he was the victim in the altercation.

---

[3]   Article 930.4(C) provides:
   If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.

The evidence was offered to show that there was hostility between Dickerson and Johnson.

The magistrate judge concluded that Dickerson had not demonstrated deficient performance or prejudice because motive is relevant "to explain the actions of the accused and to show the intent with which he acted."

In his objection, Dickerson contends that counsel should have appealed the issue of the admissibility of the evidence to show motive, but he does show how he was prejudiced by counsel's failure to appeal.  Because Dickerson has not shown that he was deprived of effective assistance of counsel, he has not established cause for the procedural default.  His objection to the magistrate judge's recommendation is overruled.

Dickerson objects to the admission of crime scene photographs on grounds that the prejudicial impact outweigh the probative value of the evidence.  Dickerson presents no argument to address the magistrate judge's conclusion that the claim is procedurally barred, and the objection is overruled.

**2. The prosecutor's prejudicial remarks during opening and closing statements**

Dickerson contends that he was denied due process by remarks made by the prosecutor during opening and closing statements.  The state trial judge held that the claim was procedurally barred in an application for postconviction relief because it was not presented on direct appeal.

The magistrate judge found that a claim that counsel was ineffective in failing to raise the issue on direct appeal is procedurally defaulted because Dickerson did not raise the issue in his application for postconviction relief, and the claim cannot serve as cause for the procedural default.  Dickerson's objection does not address the magistrate judge's conclusion that the claim

is procedurally defaulted, and it is overruled.

## D. Ineffective assistance of counsel

### 1. Failing to object to the mistrial

The magistrate judge determined that, faced with an inevitable mistrial, trial counsel weighed the unappealing choice of insisting that the trial continue as to Dickerson alone and made the tactical decision that a mistrial was the preferable course. The magistrate judge reasoned that the court does not second-guess trial counsel in hindsight. In his objection, Dickerson contends that he was severely prejudiced because he was subjected to double jeopardy, and counsel's decision "does not appear to be a reasonable tactic."

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 104 S.Ct. at 2065. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 2066. The deficient performance must be prejudicial to the defense. Id.

As discussed above, Dickerson has not shown that he was subjected to double jeopardy; therefore, he has not demonstrated prejudice. Moreover, he has not overcome the presumption that counsel's action might be considered sound trial strategy. The objection to the magistrate judge's recommendation is overruled.

### 2. Failing to secure the presence of witnesses at trial

Dickerson contends that counsel failed to interview or subpoena vital witnesses for trial. The magistrate judge determined that Dickerson did not establish that the witnesses would have testified at trial or that their testimony would have been favorable. In his objection, Dickerson contends that counsel was ineffective because he did not take the necessary steps to issue the subpoenas.

Assuming arguendo that counsel failed to investigate or interview witnesses, Dickerson has not established the second prong of Strickland to show that he was prejudiced because he does not identify the witnesses or establish that the testimony would have been favorable. His objection is overruled.

### 3.  Waiver of a Batson challenge

Dickerson alleges in his petition that counsel was ineffective in waiving a challenge under Batson v. Kentucky, 106 S.Ct. 1712 (1986) during jury voir dire. He contends that the State exercised a backstrike on a juror, who had been accepted, resulting in "nearly" every black male on the jury being stricken. Dickerson argues that by waiving the challenge, the State was able to exercise peremptory challenges on almost every black male without being required to assert racially neutral reasons.

The magistrate judge stated that there was no pattern of discrimination because the State used peremptory strikes on some African Americans and accepted others. Further, the magistrate judge determined that the trial transcript indicates that racially neutral reasons were given for the strikes against African-Americans: one gentlemen smelled of alcohol, counsel had "exonerated" one juror's brother in another case, and the juror in question had been arrested for

aggravated assault.  Further, an African-American male and a female had been selected for the jury.  The magistrate judge determined that counsel's performance was not deficient for failing to pursue a meritless challenge.

In his objection, Dickerson makes a conclusory and speculative argument that the magistrate judge and trial counsel may have been incorrect in believing that the challenge was meritless.  His argument is inadequate to establish cause and prejudice under the Strickland test, and the objection to the magistrate judge's recommendation is overruled.

### 4. Failure to file motion to quash indictment based on unconstitutional grand jury

In his habeas corpus petition, Dickerson alleges that counsel was ineffective in failing to object to his indictment by an unconstitutionally appointed grand jury.  The magistrate judge determined that Dickerson could not show deficient performance or prejudice.  After the grand jury returned the indictment, the District Attorney amended the indictment to lower the charge from first degree murder to second degree murder.  The magistrate stated that there was no showing that counsel's performance was deficient in failing to move to quash the amended indictment.

In his objection to the magistrate judge's recommendation, Dickerson contends that the Strickland standard is not be applied mechanically, and the magistrate judge erred in deferring to the state court's decision.  Dickerson does not address the amended indictment or the magistrate judge's reasoning that counsel's performance was not deficient.  The objection is overruled.

### III. CONCLUSION

Accordingly, the objections to the magistrate judge's report and recommendation are overruled, and the §2254 petition for habeas corpus relief is denied with prejudice.

New Orleans, Louisiana, this __5th__ day of February, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**